**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ROGELIO TOJ-CULPATAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-72179<br><br>Agency No. A076-690-191<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2009
San Francisco, California

Filed

Before: KOZINSKI, Chief Judge, HUG and BEA, Circuit Judges.

Petitioner, Rogelio Toj-Culpatan, a native and citizen of Guatemala,

petitions for review of an order of the Board of Immigration Appeals summarily

affirming the Immigration Judge's ("IJ") denial of Petitioner's request for asylum,

withholding of removal, and deferral of removal under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Torture ("CAT"). We analyze Petitioner's contentions related to his asylum application in an accompanying opinion. Because the parties are familiar with the facts, we recite them only as necessary to our disposition.

We review the factual findings underlying a denial of withholding of removal and deferral of removal for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Muradin v. Gonzales*, 494 F.3d 1208, 1210 (9th Cir. 2007). Findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An alien is entitled to withholding of removal if he proves it is more likely than not that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An alien is entitled to deferral of removal under CAT if he proves it is more likely than not he will be tortured upon his return. 8 C.F.R. § 1208.16(c)(4).

Here, the record does not compel the conclusion that it is more likely than not Petitioner will be persecuted or tortured in the future if he returns to Guatemala. The IJ found that Petitioner's brother suffered past persecution, but that Petitioner did not. Further, the IJ found that conditions have changed in Guatemala; there is no longer a war between the guerrillas and the government.

2

Although threats were made against Petitioner, the IJ found they had nothing to do with the torture of his brother by men Petitioner believed to be associated with the military. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009) (denying CAT relief because there was no evidence showing a likelihood of torture). Petitioner received only isolated threats from two men who had a personal vendetta against Petitioner, and the threats were not made on account of a protected ground. *See id.* at 1164-65; *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (stating that random criminal acts do not establish persecution).

Because the IJ's findings are supported by substantial evidence, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**